IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § § | |
| CHUZA OIL COMPANY, INC. | § | CASE NO. 14-12842-t11 |
|    Debtor | § | Chapter 11 |
| Guizot, LLC | § | |
|    Plaintiff | § § | |
| vs. | § § | Adversary No. 15-01012 |
| Chuza Oil Company, Inc. | § | |
|    Defendant. | § | |

### PLAINTIFF'S MOTION TO RECOMPUTE LIENS

Guizot, LLC ("Guizot"), Plaintiff herein, files this Motion to Recompute Liens ("Motion") and in support thereof asserts as follows.

### SUMMARY

**1. The parties have signed a term sheet to settle this matter, but to protect Guizot's rights, this Motion is filed prior to the expiration of the deadline for doing so. A hearing is only needed if the parties do not settle.**

2. The Court ruled that Guizot's damages are calculated, in part, by the amount of liens on the leases filed in violation of the contract with Chuza. The Court did not compute damages based on liens that violated the contract, but instead computed damages based on liens that were enforceable in bankruptcy law. The proper computation of damages should include all actual liens that violated the contract, even if those liens could be voidable in bankruptcy.

### FACTUAL BACKGROUND

3. The adversary proceeding was tried for two days on May 22 and 23, 2015. The Court is familiar with the issues. Guizot and the Debtor entered into the Participation Agreement and Operating Agreement whereby Guizot paid the Debtor for the expenses associated with

1

drilling two horizontal oil wells. The contracts contained provisions for accounting from the Debtor and prohibiting the Debtor from permitting liens on the property.

4. Guizot argued its damages were approximately $1.3 Million – the amount of drilling costs charged to Guizot, which Guizot paid for, but which the Debtor did not pay for. Guizot also claimed to be entitled to the proceeds from the two wells which the Debtor had withheld.

5. The Debtor argued it had been damaged by the nonpayment of nearly $300,000 of drilling expenses and charges.

6. The Court determined the damages to Guizot were the total of:

   a. the statutory liens placed on the property, plus

   b. the well proceeds owed Guizot, less

   c. the amount of drilling expenses that were unpaid, plus

   d. the amount of drilling expenses for "contract labor" and other charges that were improper.

7. In its judgment, the Court stated that the evidence on liens was not very clear. The judgment entered June 23, 2015, permits a motion to be filed within 30 days to ask the Court to adjust the judgment as to lien claims.

## Motion to Recompute Lien Claims

8. In determining the liens that violated the contract, the Court counted only those statutory lien creditors who were either 1) scheduled as lienholders, or 2) filed secured proofs of claim. Under the Bankruptcy Code, that is a natural mechanism to consider the amount of allowed secured claims. That is not the actual amount of lien claims placed on the property under New Mexico law.

2

9. New Mexico's legislature has provided for statutory liens to protect the claims of those who provide labor and goods in the provision of oilfield services:

> Every person who shall . . . perform labor or furnish or haul material, equipment, tools, machinery . . . to be employed in the digging, drilling, torpedoing, completing, maintaining, equipping, operating or repairing any oil or gas well . . . shall have a lien upon the whole of that land, oil and gas permit, leasehold, . . . the proceeds from the sale of oil and gas produced therefrom inuring to the working interest, . . . upon which the labor was performed or for which the materials were furnished or hauled.

N.M. Stat. Ann. § 70-4-1 (2014).

10. The lien covers work performed or supplies delivered for the period extending to two hundred ten (210) days prior to the Chapter 11 case being filed. N.M. Stat. Ann § 70-4-4 (2014).

11. The lien granted under this statute arises by operation of law when the goods are delivered. The lien is *perfected* by filing notice. In bankruptcy, the perfected statutory liens are all that count. 11 U.S.C. §§ 545, 544(a)(3). Outside of bankruptcy, unperfected liens are still liens on the leases.

12. The unperfected liens, absent the odd mechanics of 11 U.S.C. §§ 544(a)(3), 545, 550, and 551, would be liens on the property that Guizot or the Debtor would have to satisfy.

13. The Participation Agreement forbids "liens," not just liens that can be enforced through the Bankruptcy Code. The following "unsecured" vendors (as shown on the Debtor's Schedules) would qualify for payment in full as breaches of contract:

| M&R Trucking | $122,201.06 |
| Basin Well | $100,078.28 |
| Rain For Rent | $92,052.64 |
| FracMaster | $57,011.06 |

3

| OFT Construction | $53,526.77 |
| Select Oil Tools | $48,398.02 |
| Aqua Moss | $42,146.77 |
| Energy Pump & Supply | $35,831.94 |
| Tuboscope | $22,856.34 |
| Total: | $574,102.88 |

14. Therefore, the appropriate Lien Claims Amount to include in the Court's judgment is those that existed by operation of law, even though they would be considered unperfected, unsecured claims in a Chapter 11 proceeding.

## **PRAYER FOR RELIEF**

Based on the foregoing, Guizot requests that the Court recompute the liens, amend its judgment accordingly, and for such other and further relief, both at law and in equity, to which Guizot may be justly entitled.

Dated: July 22, 2015.

      Respectfully submitted,

      **MCKOOL SMITH P.C.**

      By: */s/ Hugh M. Ray, III*
          HUGH M. RAY, III
          New Mexico Bar No. 146251
          600 Travis, Suite 7000
          Houston, Texas 77002
          Telephone: (713) 485-7300
          Facsimile: (713) 485-7344

      *Counsel for Guizot, LLC, Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2015, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system and further served via U.S. first-class mail upon the party(ies) listed below:

William F. Davis
6709 Academy Road, NE, #A
Albuquerque, New Mexico 87109

                                                  */s/ Hugh M. Ray, III*
                                                  Hugh M. Ray, III